# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | | |
|---|---|---|
| A&J MANUFACTURING, LLC,<br>    a Georgia corporation, and | ) )<br>) | |
| A&J MANUFACTURING, INC.,<br>    a Florida corporation, | ) )<br>) | |
| | ) | Civil Action No. |
| Plaintiffs, | ) | 2:13-cv-00121-LGW-JEG |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| RANKAM GROUP,<br>    a California corporation, | ) )<br>) | |
| Defendant. | ) | |

## AMENDED ANSWER AND COUNTERCLAIM OF DEFENDANT RANKAM METAL PRODUCTS MANUFACTORY LIMITED, USA

Defendant Rankam Metal Products Manufactory Limited, USA ("Rankam"),

sued as "Rankam Group," hereby submits its Amended Answer And Counterclaim

to the Complaint for (Alleged) Infringement of U.S. Patents (the "Complaint")

filed by plaintiffs A&J Manufacturing, LLC and A&J Manufacturing, Inc.

(collectively, "A&J").  The amendments are solely to correct the name of the

Defendant and Counterclaim Plaintiff from Rankam Metal Products Manufactory

Ltd. to Rankam Metal Products Manufactory Limited, USA.  Rankam denies each

and every allegation and characterization set forth in the Complaint unless

1

expressly admitted herein.  Rankam responds to each paragraph of the Complaint as follows:

## I.  PARTIES AND NATURE OF SUIT

1.    Rankam admits that the Complaint purports to assert claims for patent infringement and that the Complaint purports to seek monetary relief and equitable relief against Rankam.  Rankam denies that it has infringed or is infringing any of A&J's patents and denies that A&J is entitled to any of the relief sought.

2.    Rankam is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, with the effect that the allegations are denied.

3.    Rankam is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, with the effect that the allegations are denied.

4.    Rankam admits that what appears to be a copy of U.S. Patent No. 8,381,712 (the "'712 patent") is attached to the Complaint as Exhibit A.  Rankam is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint, with the effect that the allegations are denied.

5.     Rankam admits that what appears to be a copy of U.S. Patent No. D660,646 (the "'646 patent") is attached to the Complaint as Exhibit B.  Rankam is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint, with the effect that the allegations are denied.

6.     Rankam admits that A&J is a distributor of outdoor grilling products, including multiple mode grill products that embody the alleged invention of the '646 patent.  Rankam is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint, with the effect that the allegations are denied.

7.     Rankam admits that what Paragraph 7 includes what appear to be images of what it understands to be the grills sold as the Char-Griller Duo and Char-Griller Trio grills.  Rankam is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, with the effect that the allegations are denied.

8.     Rankam denies the allegations of Paragraph 8 of the Complaint

## II. JURISDICTION AND VENUE

9.     Rankam admits the allegations of Paragraph 9 of the Complaint.

10.     Rankam denies the allegations of Paragraph 10 of the Complaint.

11.     Rankam denies the allegations of Paragraph 11 of the Complaint.

### III.   DEFENDANT'S PRODUCTS

12.     Rankam denies the allegations of Paragraph 12 of the Complaint.

13.     Rankam admits that the photograph in Paragraph 13 of the Complaint appears to be of a Smoke Canyon GR2034205-SC grill manufactured by Rankam. Rankam denies the remaining allegations of Paragraph 13 of the Complaint.

14.     Rankam denies the allegations of Paragraph 14 of the Complaint.

15.     Rankam admits that the photograph in Paragraph 15 of the Complaint appears to be of a Makers Mark GR2071001-MM grill manufactured by Rankam. Rankam denies the remaining allegations of Paragraph 15 of the Complaint.

16.     Rankam is without knowledge or information to form a belief as to the truth or falsity of allegations in Paragraph 22, which call for a legal conclusion as to characterizations of features or elements, with the effect that the allegations are denied.

### IV.   FIRST CLAIM FOR RELIEF
### (Alleged Infringement of U.S. Patent No. 8,381,712)

17.     Rankam incorporates by reference, as if fully set forth herein, its responses to each of Paragraphs 1-16 of the Complaint.

18.     Rankam denies the allegations of Paragraph 18 of the Complaint.

19.     Rankam denies the allegations of Paragraph 19 of the Complaint.

4

20.     Rankam denies the allegations of Paragraph 20 of the Complaint.

21.     Rankam denies the allegations of Paragraph 21 of the Complaint.

### V. SECOND CLAIM FOR RELIEF
### (Alleged Infringement of U.S. Patent No. D660,646)

22.     Rankam incorporates by reference, as if fully set forth herein, its

responses to each of Paragraphs 1-21 of the Complaint.

23.     Rankam denies the allegations of Paragraph 23 of the Complaint.

24.     Rankam denies the allegations of Paragraph 24 of the Complaint.

25.     Rankam denies the allegations of Paragraph 25 of the Complaint.

26.     Rankam denies the allegations of Paragraph 26 of the Complaint.

27.     Rankam denies the allegations of Paragraph 27 of the Complaint.

### PLAINTIFF'S PRAYER FOR RELIEF

Rankam denies that A&J is entitled to any of the relief requested in its

Prayer for Relief.  To the extent not previously addressed, Rankam denies the

remaining prayers and allegations in the Complaint.

### <u>AFFIRMATIVE DEFENSES</u>

Without assuming any burden that it would not otherwise have, Rankam

asserts the following affirmative in response to the allegations in the Complaint.

Rankam reserves the right to assert any separate and additional defenses that may

be supported by information or facts obtained through discovery or other means

during this case and expressly reserves the right to amend its Answer and

Counterclaim to assert such separate and additional defenses in the future.

## FIRST DEFENSE

Rankam is not infringing, and has not infringed, directly or indirectly, any valid

claim of the '646 patent or the '712 patent, either literally or under the doctrine of

equivalents.

## SECOND DEFENSE

Each claim of the '646 patent and the '712 patent is invalid and/or

unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101.

## THIRD DEFENSE

Each claim of the '646 patent and the '712 patent is invalid and/or

unenforceable for failure to meet the conditions for patentability set forth in 35

U.S.C. § 102.

## FOURTH DEFENSE

Each claim of the '646 patent and the '712 patent is invalid and/or

unenforceable for failure to meet the conditions for patentability set forth in 35

U.S.C. § 103.

**FIFTH DEFENSE**

Each claim of the '646 patent and the '712 patent is invalid and/or unenforceable for failure to comply with the requirements of 35 U.S.C. § 112.

**SIXTH DEFENSE**

Upon information or belief, A&J's claims of infringement with respect to the '646 patent and the '712 patent are barred in whole or in part by the doctrine of prosecution history estoppel.

**SEVENTH DEFENSE**

A&J is not entitled to injunctive relief for one or more of the following reasons: any alleged injury to A&J is not immediate or irreparable; A&J has an adequate remedy at law; considering the balance of hardships between A&J and Rankam, a remedy in equity is not warranted; and the public interest would be disserved by injunctive relief.

**EIGHTH DEFENSE**

To the extent that A&J failed to comply with the applicable provisions of 35 U.S.C. § 287, A&J's claims for damages arising from the alleged infringement of the '646 patent or the '712 patent are limited under § 287.

**NINTH DEFENSE**

Upon information and belief, the '646 patent is unenforceable due to inequitable conduct during prosecution, including without limitation the nondisclosure, with intent to deceive, of information known to the applicant that was material to patentability.

Patent Application No. 11/193,320 ("the '320 Application"), which issued as the '712 Patent, was filed on July 30, 2005.  It includes a front-perspective diagram of a barbecue grill.  The front-perspective view of the barbecue grill is the only view disclosed in the '320 Application.

Patent Application No. 29/392,019 ("the '019 Application"), which issued as the '646 Patent, was filed on May 16, 2011.  The application discloses an allegedly ornamental design for a pair of lids for a dual grill.  The application includes seven figures, depicting a front-perspective view, a front view, a rear view, a left side view, a right side view, and top view, and a bottom view of a grill, all depicted in phantom with the exception of the claimed pair of semi-cylindrical lids.

During prosecution of the '646 Patent, the Examiner rejected the applicant's claim that the application is entitled to claim priority to the '320 Application.  The Examiner reasoned that the '320 Application only disclosed the front-perspective

view of the claimed design and therefore did not satisfy the written description requirement of 35 U.S.C. § 112.

Six of the seven figures in the '019 Application were found by the Examiner to be new matter not disclosed/contained in the '320 Application from which the applicant attempted to claim priority.  As a result, the Examiner required the applicant to remove the claim to priority in the '019 Application to the '320 Application.  In response, the applicant amended the '019 Application to be a continuation-in-part of the '320 Application.

The  Examiner accepted the amendment maintaining that the '019 Application could not claim priority to the '320 Application.

Pursuant to patent examination practice, citing *In re Corba*, 212 USPQ 825 (Comm'r Pat. 1981), the Examiner stated that the entitlement to priority would not be considered in either application unless the earlier priority date was needed to avoid intervening prior art.

Sometime in 2007, A&J began offering their Duo 5050 grill for sale in the United States.  The Duo 5050 grill embodies the allegedly ornamental design disclosed in the '646 Patent.

The applicant's own Duo 5050 Grill, as well as documentation about it, constituted intervening prior art to the '646 Patent because it was on sale well more

than a year before the filing of the application.  As a result, the '646 Patent is invalid under at least 35 U.S.C. 102(b).

The applicant filed a supplemental Information Disclosure Statement with only a short third party promotional reference about the Duo, dated July 2010. A&J did not inform the PTO that the Duo grill was on sale as early as 2007.

This omission by the A&J was material to the patentability of the '646 Patent because the Duo grill anticipated the claim of the '019 Application.

As such, the '646 Patent is unenforceable due to the commission of inequitable conduct by the applicant and his agents in regard to the '019 Patent application.

## TENTH DEFENSE

Personal jurisdiction over Rankam is lacking.

## ELEVENTH DEFENSE

Venue as to Rankam is improper.

## TWELFTH DEFENSE

Rankam Group is not the real party in interest.  Rankam Metal Products Manufactory Limited, USA is the real party in interest.

WHEREFORE, Rankam asks that this Court to dismiss with prejudice A&J's action against Rankam and enter judgment that A&J take nothing on its claims against Rankam, that the case be determined to be exceptional pursuant to 35 U.S.C. § 285, and that Rankam be awarded its attorneys' fees and costs of defending this action and any other and further relief to which it may be entitled.

## COUNTERCLAIM

Contingent on its defenses of lack of personal jurisdiction and improper venue being denied, Rankam Metal Products Manufactory Limited, USA ("Rankam") asserts the following Counterclaim against A&J Manufacturing, LLC and A&J Manufacturing, Inc. (collectively, "A&J"):

### NATURE OF THE ACTION

1.      This is an action for a judgment declaring U.S. Patent Nos. 8,381,712 (the "'712 patent") and U.S. Patent No. D660,646 (the "'646 patent") invalid and not infringed, and for other relief.

### PARTIES

2.      Rankam is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 1618 West Rosecrans Avenue, Gardena, California 90249.

3.     According to the Complaint, Counterclaim Defendant A&J Manufacturing, LLC is a limited liability company organized and existing under the laws of the state of Georgia, having a place of business at 2465 Demere Road, St. Simons Island, Glynn County, Georgia 31522.

4.     According to the Complaint, Counterclaim Defendant A&J Manufacturing, Inc. is a corporation organized and existing under the laws of the state of Florida, having a place of business at 903 Lake Asbury Drive, Green Cove Springs, Florida 32043.

## JURISDICTION, VENUE AND JOINDER

5.     This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Patent Laws of the United States, 35 U.S.C. § 1 et seq.; the Lanham Act, 15 U.S.C. § 1051 et seq.; and the statutory and common laws of the State of Georgia.  An actual, substantial, and continuing justiciable controversy exists between Rankam and A&J that requires a declaration of rights by this Court.

6.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 2201 and 2202.

7.     The Court has supplemental jurisdiction over all remaining claims pursuant to 28 U.S.C. § 1367(a).

8.    The Court has personal jurisdiction over A&J by virtue of A&J's filing of this action.

9.    Venue for Rankam's counterclaims is appropriate in this District because A&J has consented to the propriety of venue in this Court by filing its claims for alleged patent infringement in this Court.

**PROSECUTION OF THE '019 APPLICATION ('646 DESIGN PATENT)**

10.    Patent Application No. 11/193,320 ("the '320 application"), which issued as the '712 Patent, was filed on July 30, 2005.  It also includes a front-perspective diagram of a barbecue grill.  The front-perspective view of the barbecue grill is the only view disclosed in the '320 application.

11.    Sometime in 2007, A&J began offering their Duo 5050 grill for sale in the United States.

12.    Patent Application No. 29/392,019 ("the '019 application"), which issued as the '646 Patent, was filed on May 16, 2011.  The application discloses an allegedly ornamental design for a pair of lids for a dual grill.  The application includes seven figures, depicting a front-perspective view, a front view, a rear view, a left side view, a right side view, and top view, and a bottom view of a grill all depicted in phantom with the exception of the claimed pair of semi-cylindrical

13

lids.  The Duo 5050 grill embodies the allegedly ornamental design disclosed in the '646 Patent.

13.    During prosecution of the '646 design patent, the Examiner rejected the applicant's claim that the application was entitled to claim priority to the '320 application.  By statute and rule, design patents cannot claim priority to provisional patent applications.  The Examiner also reasoned that the earlier filings, specifically the '320 application, only disclosed the front-perspective view of the claimed design and therefore did not satisfy the written description requirement of 35 U.S.C. § 112.

14.    Six of the seven figures in the '646 design patent application were found by the  Examiner to be new matter not disclosed or contained in the '320 application from which the applicant attempted to claim priority.   As a result, the Examiner required the applicant to remove the claim to priority to the '320 application in the '646 design patent application.  In response, the applicant separately amended the '646 design patent application to be a continuation-in-part of the '320 application.

15.    The  Examiner accepted the amendment maintaining that the '646 design application could not claim priority to the '320 application.

16.     Pursuant to patent examination practice, citing *In re Corba*, 212 USPQ 825 (Comm'r Pat. 1981), the Examiner stated that the entitlement to priority would not be considered in either application unless the earlier priority date was needed to avoid intervening prior art.  The applicant's own Duo 5050 Grill constituted intervening prior art  to the '646 Patent because it was on sale well before May 2010, more than a year before the filing of the application.   As a result, the '646 design patent is invalid under at least 35 U.S.C. § 102(b).

17.     The applicant filed a supplemental Information Disclosure Statement with only a short third party promotional reference about the Duo grill.  The applicant did not inform the PTO that the Duo grill was on sale as early as 2007.

18.     This omission by the applicant was material to the patentability of the '646 Patent because the Duo grill anticipated the claim of the '019 application.

19.     The applicant's failure to disclose to the Examiner the Duo 5050 grill, as well as other prior art material to the patentability of the '646 Patent, constitutes inequitable conduct rendering the '646 Patent unenforceable.

20.     During the prosecution of the '320 application, the applicant made statements to the Examiner to distinguish prior art that anticipated or rendered obvious the invention described in the application.

21.     As a specific example, the applicant stated in its July 30, 2005, Response and Amendment that the prior art reference U.S. Patent No. 6,189,528 ("the '528 Patent") did not anticipate the '320 application because it nowhere disclosed "that a cooking apparatus could include a charcoal cook unit and a gas cook unit."

22.     Contrary to this representation, the '528 Patent's specification and diagrams clearly disclose a barbecue grill comprised of one cooking unit that could use gas, and another that could use charcoal simultaneously.  *See*, *e.g.*, '528 Patent at 2:51-55 ("FIG. 20 is a perspective view of the cooking system of FIG. 19 wherein top reflectors are open and a container of fuel is positioned along one end thereof for cooking on a griddle on one side of the cooking system, and a charcoal grill is used on the other side."); *see also id*. at 6:23-26 ("Brackets 76 are used to support a propane burner 94 and propane tank. In this embodiment, one can griddle and grill simultaneously.").

23.     In the February 6, 2013, Notice of Allowance of the '320 application, the Examiner accepted the applicant's false distinction and stated that "Oliver fails to disclose or make obvious multiple distinct fuels at one time among other limitations required by the claims."  *Id*. at 2.

16

## A&J'S COMMUNICATIONS WITH RANKAM'S CUSTOMERS

24.     On August 21, 2013, on information and belief, A&J sent letters to numerous retailers of barbecue grills around the country informing the retailers that A&J had filed the aforementioned actions in district court and the ITC against "infringers of A&J's patents."  The letters threaten that "an exclusion order could adversely affect" the retailers.  A&J admits in the letters that A&J's Duo grill embodies the claimed subject matter of the '646 Patent.

25.     When A&J sent the August 21, 2013 letters, they knew that the '646 Patent was invalid because, among other reasons, it was anticipated by A&J'S own Duo grill.

26.     When A&J sent the August 21, 2013 letters, they knew that the '712 Patent was invalid and/or unenforceable because of the applicant's mischaracterization of prior art and because it was otherwise anticipated or rendered obvious by prior art.

27.     When A&J sent the August 21, 2013 letters, they knew that Rankam's products did not infringe the Patents-In-Suit because, among other reasons, Rankam's products clearly do not have exhausts on both of the openable covers.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

28.    Rankam restates and incorporates by reference the allegations in paragraphs 1 through 27 above.

29.    An actual controversy has arisen and now exists between the parties with respect to the alleged infringement of the Patents-in-Suit.  Rankam contends that Rankam's products, including Rankam Smoke Canyon GR2034205-SC barbecue grill and the Members Mark GR2071001-MM barbecue grill, have not infringed and do not infringe any valid claim of the Patents-in-Suit.  A&J disputes these contentions.

30.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the alleged infringement of the Patents-in-Suit is necessary and appropriate under the circumstances.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY AND/OR
## UNENFORCEABILITY)

31.    Rankam restates and incorporates by reference the allegations in paragraphs 1 through 30 above.

32.    The '646 Patent and the '712 Patent are invalid for failure to meet one or more of the requirements of patentability under 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. § 112.

33.     The claims of the '646 Patent and the '712 Patent are invalid because the alleged inventions and design claimed therein are anticipated by the prior art and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. § 102.

34.     The claims of the '646 Patent and the '712 Patent are invalid because, in view of the prior art, the alleged inventions and design claimed therein are obvious to one having ordinary skill in the art, and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. § 103.

35.     Upon information and belief, the '646 Patent is unenforceable as a result of A&J'S inequitable conduct.

36.     Rankam is entitled to a declaratory judgment that the claims of the Patents-in-Suit are invalid and/or unenforceable.

## THIRD COUNTERCLAIM
## (UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT)

37.     Rankam restates and incorporates by reference the allegations in paragraphs 1 through 36 above.

38.     A&J's communications to Rankam's actual and potential customers of purported infringement of invalid patents are false, deceptive, and misleading, and have been made in bad faith.

39.    A&J's false representations to Rankam's existing and potential customers about Rankam's purportedly infringing conduct violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.    A&J's false, deceptive, and misleading communications have the capacity to deceive consumers and are likely to influence consumers' purchasing decisions.  Upon information and belief, A&J's false, deceptive, and misleading communications have deceived consumers.

41.    A&J's false, deceptive, and misleading communications have a material effect on purchasing decisions.

42.    Rankam has been injured as a result of A&J's wrongful conduct.

43.    Rankam will continue to be irreparably injured unless and until A&J's conduct is preliminarily and permanently enjoined by this Court, and Rankam has no adequate remedy at law.

44.    As a direct and proximate result of A&J's false, deceptive, and misleading communications, Rankam has suffered damages in an amount to be determined by the trier of fact.

45.    A&J has engaged in intentional and willful violation of the Lanham Act, thus entitling Rankam to enhanced damages and attorneys' fees and costs.

## FOURTH COUNTERCLAIM
## (TORTIOUS INTERFERENCE WITH CONTRACTS AND BUSINESS RELATIONSHIPS)

46.     Rankam restates and incorporates by reference the allegations in paragraphs 1 through 45.

47.     Rankam maintains contracts and advantageous business relations with retailers that sell Rankam's grills to end users.

48.     A&J has tortiously interfered with those contracts and/or business relationships by disseminating false or misleading statements, including claims that Rankam's products infringe A&J's invalid patents.

49.     A&J's dissemination of false and misleading statements about Rankam's products was improper, without privilege, and purposeful.

50.     Through their wrongful acts of interference, A&J has proximately caused substantial injury and financial harm to Rankam.

51.     A&J is not entitled to any revenues that they have realized from customers coming from the unlawful interference that A&J has committed, and A&J should be required to account for and remit to Rankam all such payments.

52.     Rankam is likewise entitled to all other damages available by law as well as to all equitable relief including injunctive relief.

53.     A&J's interference with Rankam's contracts and business

relationships was willful, wanton, malicious and in reckless disregard of Rankam's

rights, as well as in disregard of the harm that A&J was causing and was

foreseeably likely and intended to cause Rankam, so that punitive damages should

be imposed on A&J.

## FIFTH COUNTERCLAIM
## (VIOLATION OF THE GEORGIA DECEPTIVE TRADE
## PRACTICES ACT, O.C.G.A. § 10-1-370 ET SEQ.)

54.     Rankam restates and incorporates by reference the allegations in

paragraphs 1 through 53.

55.     A&J has engaged in deceptive trade practices in violation of O.C.G.A.

§ 10-1-370 et. seq., by falsely disparaging the goods, services, and business of

Rankam.  A&J'S false and misleading statements have been made in bad faith.

56.     Rankam has sustained and will sustain damages including irreparable

harm to its reputation and goodwill, as a result of A&J'S unlawful conduct.

57.     As a result of A&J'S ongoing deceptive trade practices, Rankam is

entitled to temporary, interlocutory, and permanent injunctive relief to remedy

those violations.

58.     Rankam is also entitled to recover its attorneys' fees and costs

incurred in connection with this action.

## SIXTH COUNTERCLAIM
## (ATTORNEY'S FEES AND EXPENSES OF LITIGATION
## UNDER O.C.G.A. § 13-6-11)

59.     Rankam restates and incorporates by reference the allegations in paragraphs 1 through 58.

60.     A&J has acted in bad faith, and have caused Rankam unnecessary trouble and expense.

61.     Rankam is entitled to an award of attorney's fees and costs incurred in prosecuting this action pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Rankam prays for the following relief:

A.     A judicial declaration that Rankam does not infringe any valid claim of U.S. Design Patent No. D660,646 or U.S. Utility Patent No. 8,381,712.

B.     A judicial declaration that the claims of U.S. Design Patent No. D660,646 and U.S. Utility Patent No. 8,381,712 are invalid and/or unenforceable.

C.     A determination that this is an exceptional case pursuant to 35 U.S.C. § 285 and an order granting Rankam its reasonable attorney fees and costs.

D.    An order granting Rankam an interlocutory and permanent injunction enjoining A&J from making any false, misleading or disparaging representations about Rankam's products.

E.    An order awarding the amount of actual, consequential and/or compensatory damages proved by Rankam, including treble damages under 15 U.S.C. § 1117(a).

F.    An order requiring an accounting from A&J of all revenues received from operation of their business and disgorgement of all profits from their wrongful activity.

G.    An order awarding Rankam punitive damages against each and every A&J for their intentional acts described herein to the full extent allowed by law.

H.    An order awarding Rankam its costs, expenses, and reasonable attorneys' fees as provided by law.

I.    Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Rankam demands a trial by jury on all issues presented in this Answer and Counterclaim.

Respectfully submitted, this 14th day of January, 2014.

KING & SPALDING LLP

*/s/ John W. Harbin*
John W. Harbin (admitted pro hac vice)
  (Ga. Bar No. 324130)

1180 Peachtree Street
Atlanta, Georgia  30309
Tel: (404) 572-4600
Fax: (404) 572-5134


JAMES B. DURHAM
Ga. Bar No. 235526
Durham & Rizzi, P.C
Post Office Box 21 77
Brunswick, GA 31521-2177
Telephone: (912) 264-4480
Email: jdurham@durhamfirm.com


ATTORNEYS FOR DEFENDANT
RANKAM METAL PRODUCTS
MANUFACTORY LIMITED, USA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | | |
|---|---|---|
| A&J MANUFACTURING, LLC,<br>    a Georgia corporation, and | ) ) ) | |
| A&J MANUFACTURING, INC.,<br>    a Florida corporation, | ) ) ) | |
|     Plaintiffs, | ) ) | Civil Action No.<br>2:13-cv-00121-LGW-JEG |
|       v. | ) ) | JURY DEMAND |
| RANKAM GROUP,<br>    a California corporation, | ) ) ) | |
|     Defendant. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing **AMENDED ANSWER AND COUNTERCLAIM OF DEFENDANT RANKAM METAL PRODUCTS MANUFACTORY LIMITED, USA,** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following attorneys of record:

Mark David Johnson
Gilbert, Harrell, Sumerford & Martin, PC
P.O. Box 190
Brunswick, GA 31521-0190
mjohnson@gilbertharrelllaw.com

Dated:  January 14, 2014

*/s/ John W. Harbin*